IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02176-BNB

AARON I. JORDAN,

Plaintiff,

v.

ADAMS COUNTY (JAIL), and
S. FULLER, (Programs Coord.), "Official Capacity,"

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 12 2010

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

Plaintiff, Aaron I. Jordan, is a prisoner in the custody of the Colorado Department of Corrections. He initiated this action by filing a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on August 23, 2010. Mr. Jordan filed a Complaint on September 3, 2010 asserting a cause of action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. He filed an amended complaint on September 14, 2010. Mr. Jordan has been granted leave to proceed *in forma pauperis*.

The Court will construe the amended complaint liberally because Mr. Jordan is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. See *Hall*, 935 F.2d at 1110. The Court has reviewed the amended complaint and has determined that it is deficient. For the reason discussed below, Mr. Jordan will be directed to file a second amended complaint.

Initially, Mr. Jordan seeks relief from an improper party. The Adams County Jail is not a separate entity from Adams County and, therefore, is not a person subject to suit under 42 U.S.C. § 1983. See *Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo.1991), *aff'd*, 986 F.2d 1429 (10th Cir.1993). The claims asserted against the Adams County Jail thus are construed as claims against Adams County. The claims made against Defendant Fuller in his official capacity are also treated as claims against Adams County. See *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Defendant Fuller is identified as the Adams County Jail programs coordinator and a "final policy-maker" for Adams County. Plaintiff does not sue Defendant Fuller in his personal capacity.

Mr. Jordan purports to assert a First Amendment free exercise claim against Adams County based on Defendant Fuller's repeated denials of Plaintiff's requests for a vegetarian diet. However, to state a First Amendment claim, Plaintiff must allege specific facts that describe the nature of his religious beliefs and practices. See *LaFevers v. Saffle*, 936 F.2d 1117, 1119 (10th Cir. 1991); *Kay v. Bemis*, 500 F.3d 1214, 1220 (10th Cir. 2007); see also *Snyder v. Murray City Corp.*, 124 F.3d 1349, 1352 (10th Cir. 1997).

Mr. Jordan also asserts Eighth and Fourteenth Amendment claims against Adams County based on a failure-to-protect theory. He alleges that because Defendant Fuller denied him a vegetarian diet, he has been forced to barter with other inmates for food, a practice that is dangerous and threatens his safety. However, to establish the County's liability under 42 U.S.C. § 1983, Plaintiff must allege specific facts to show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385

(1989); *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1316-20 (10th Cir. 1998).

Finally, Mr. Jordan is advised that to state a claim in federal court, his second amended complaint "must explain what each defendant did to him [ ]; when the defendant did it; how the defendant's action harmed him [ ]; and, what specific legal right [he] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Jordan file **within thirty days from the date of this Order** a Second Amended Complaint that complies with this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Jordan, together with a copy of this Order, two copies of the Prisoner Complaint form for use in submitting the Second Amended Complaint. It is

FURTHER ORDERED that if Mr. Jordan fails to comply with this Order within the time allowed the amended complaint and the action will be dismissed without further notice.

DATED October 12, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02176-BNB

Aaron I. Jordan
Prisoner No. 140456
3258 S. Waco Ct. #D
Aurora, CO 80013

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 10/12/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk