IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-02176-REB-BNB

AARON I. JORDAN,

Plaintiff,

v.

ADAMS COUNTY, and
S. FULLER, program coordinator,

Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

_____

This matter arises on the plaintiff's **Motion for Summary Judgment** [Doc. #22, filed 03/14/2011] (the "Motion"). I respectfully RECOMMEND that the Motion be DENIED.

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff filed his Second Amended Prisoner Complaint on November 5, 2010 [Doc. #7] (the "Complaint"). The Complaint asserts three claims. The plaintiff seeks summary judgment on his claims. The plaintiff's motion consists of one hand-written page of text wherein he states that "no genuine triable issue of material fact exists" and he "is entitled to judgment as a matter of law." He does not designate any specific facts; he simply refers the court to his attached exhibits.

In order to move for summary judgment under Federal Rule of Procedure 56, the plaintiff must identify the material facts and explain why he is entitled to judgment as a matter of law. "A party asserting that a fact cannot be . . . genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . ." Fed. R. Civ. P. 56(c)(1)(A).  It is not the court's duty to search the plaintiff's exhibits for material facts and for evidence to support the facts.  See Gross v. Burggraf Construction Co., 53 F.3d 1531, 1546 (10th Cir. 1995).  Nor is it the court's duty to fashion the plaintiff's legal arguments.  It is the litigants' responsibility to provide the court with concise arguments, relevant facts, and specific citations to authorities and supporting evidence.  Toth v. Gates Rubber Co., 2000 WL 796068, *8 (10th Cir. 2000).

I RESPECTFULLY RECOMMEND that the Motion be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives de novo review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated March 18, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge