**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Case No. 10-cv-02176-REB-BNB

AARON JORDAN,

    Plaintiff,
v.

S. FULLER, (Programs Coordinator)
ADAMS COUNTY "official capacity,"

    Defendants.

**ORDER ADOPTING RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

This matter is before me on the following: (1) the defendant Sterritt Fuller's **Motion For Summary Judgment** [#47][1] filed September 30, 2011; and (2) the **Recommendation of United States Magistrate Judge** [#60] filed January 17, 2012. The plaintiff filed objections [#61] to the recommendation. I overrule the objections, approve and adopt the recommendation, and grant the motion for summary judgment.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed. I have considered carefully the recommendation, objections, and applicable caselaw.

Because plaintiff is proceeding *pro se*, I have construed his pleadings and other filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200,

---

[1] "[#47]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)). However, I have not acted as an advocate for the plaintiff.

The recommendation is detailed and well-reasoned. Contrastingly, the plaintiff's objections are without merit.

The plaintiff, Aaron Jordan, was incarcerated at the Adams County Detention Facility in the fall of 2009. In his complaint [#7], Mr. Jordan alleges that he made several requests to be placed on a vegetarian diet for religious and medical reasons, but that those requests were denied. As a result, Mr. Jordan felt compelled to attempt to trade food with fellow inmates, which exposed him to a known risk of violence. *Complaint* [#7], 3-6. In his complaint, Mr. Jordan alleges a Fourteenth Amendment claim for a violation of his right to due process and equal protection, an Eighth Amendment claim, and a First Amendment claim.

The magistrate judge recommends that the defendant's motion [#47] be granted and that summary judgment enter in favor of defendant Sterritt Fuller on all of the plaintiff's claims. I agree with the magistrate judge's analysis and conclusions.

Finally, I note that Adams County is listed in the caption of this case. However, my review of the operative complaint [#7] indicates that the plaintiff did not name Adams County as a defendant in this case. *Prisoner Complaint* [#7], pp. 1 - 2. The plaintiff used the words "Adams County" in the caption to describe the role of defendant Sterritt Fuller. Thus, I order that Adams County be dropped as a defendant in this case.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#60] filed January 17, 2012, is **APPROVED** and **ADOPTED** as an order of this court;

2. That defendant Sterritt Fuller's **Motion For Summary Judgment** [#47] filed September 30, 2011, is **GRANTED** as to the plaintiff's Fourteenth Amendment claim;

3. That defendant Sterritt Fuller's **Motion For Summary Judgment** [#47] filed September 30, 2011, is **GRANTED** as to the plaintiff's Eighth Amendment claim;

4. That defendant Sterritt Fuller's **Motion For Summary Judgment** [#47] filed September 30, 2011, is **GRANTED** as to the plaintiff's First Amendment claim;

5. That the plaintiff's objections [#61] are **OVERRULED**;

6. That putative defendant Adams County is **DROPPED** as a named defendant in this case;

7. That **JUDGMENT SHALL ENTER** in favor of defendant Sterritt Fuller against the plaintiff Aaron I. Jordan;

8. That the defendant is **AWARDED** his costs to be taxed by the clerk of the court in the time and manner prescribed by Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

9. That this case is **CLOSED**.

Dated June 5, 2012, at Denver, Colorado.

                                          **BY THE COURT:**

                                          */s/ Bob Blackburn*
                                          Robert E. Blackburn
                                          United States District Judge